HAWKES HOSPITAL OF MT. CARMEL, APPELLANT, *v.*
COLLEY, EXR., APPELLEE.

[Cite as Hawkes Hospital *v.* Colley (1982), 2 Ohio St. 3d 40.]

(No. 82-106—Decided December 15, 1982.)

*Knepper, White, Arter & Hadden* and *Mr. R. Douglas Wrightsel,* for appellant.

*Michael F. Colley Co., L.P.A.,* and *Mr. Frank A. Ray,* for appellee.

WILLIAM B. BROWN, J. The basic issue presented is whether the letter dated June 11, 1979, sent by appellee's attorney to appellant, constituted a rejection of appellant's claim against the estate of appellee's decedent within the ambit of R.C. 2117.11 and applicable case law. This court, after a careful review of the record, finds that this correspondence failed to meet the standards necessary to constitute an effective rejection, and as such, it did not commence the running of the two-month statute of limitations set forth in R.C. 2117.12.

R.C. 2117.11 governs the rejection of claims against an estate and provides, in pertinent part, that: "An executor or administrator shall reject a creditor's claim against the estate he represents by giving the claimant written notice of the disallowance thereof."

Correspondingly, R.C. 2117.12 provides that "[w]hen a claim against an estate has been rejected * * * the claimant must commence an action on the claim * * * within two months after such rejection * * * or be forever barred from maintaining an action thereon."

It is well established in Ohio that notice of disallowance of a creditor's claim against an estate by a fiduciary must be plain and unequivocal. As this court stated in *Miller* v. *Ewing* (1903), 68 Ohio St. 176, 186:

"* * * We readily assent to the proposition that in order to avail in starting the six months' clause to running, *the rejection must be plain and unequivocal.* If it is simply argumentative and uncertain; or, as in *Bank* v. *Speight,* 47 N.Y., 668; there has been, concurrent with the alleged rejection, an agreement to refer; or if, as held in *Hoyt* v. *Bonnett,* 50 N.Y., 538, at the time of the alleged rejection, the administrator does or says anything from which the claimant may *reasonably* infer that the determination to dispute or reject the claim is not final, but that it will be further examined or considered, the administrator may not set up such a dispute as a rejection." (Emphasis added in part.)

A review of the facts of this case in light of the standards set forth in *Miller* clearly demonstrates that the correspondence of June 11 did not constitute a sufficient rejection because it was not plain and unequivocal. An examination of the June 11 letter and attached application for instruction is most telling. In the first paragraph of the letter sent to appellant, appellee's attorney stated that an application for instruction, a copy of which was enclosed, had been filed with the probate court and that a hearing on the application was scheduled for July 5. This language certainly indicated that appellee's attorney was referring the claim to the court for determination and hence this claim was being further considered. Contrastingly, however, appellee's attorney stated in the final paragraph that appellant's claim against the estate had been rejected because it was not timely filed.

There is thus an unmistakable inconsistency in the content of the June 11 letter as to whether a rejection of appellant's claim was being made. This confusion was further enhanced by the attached application for instruction which had been filed in the probate court. In the application, appellee first listed the claims at issue, which included appellant's claim, and then stated except for two, these claims had neither been allowed nor disallowed. Appellee then asked "* * * for direction from the court as to payment of the accounts [*sic*] and distribution of the assets of the estate." Based on this language, it was once again reasonable for appellant to infer that the claim had not been finally rejected. It is also noteworthy that appellant's claim had not been deleted at any time from this application.

It is clear then that appellee's correspondence dated June 11 was not a plain and unequivocal rejection of appellant's claim, for it failed to comply with the standards in *Miller* that a rejection cannot be accompanied by a concurrent referral of the dispute and that an administrator cannot do or say anything which would cause the claimant to reasonably infer that the rejection was not final. When the appellee's attorney accompanied the ambiguous letter of June 11 with a concurrent application setting the claim for hearing, he undoubtedly led the appellant to reasonably believe that the rejection of the claim was not final. By giving the impression in the correspondence that the payment of appellant's claim would be brought before the probate court for determination, appellee's attorney fell short of making the letter of June 11 a plain and unequivocal rejection.

Other acts also transpired which contradict appellee's assertion that his rejection was plain and unequivocal. For example, both parties participated in the July 5 hearing on the application for instruction where the issue presented was whether appellant's claim against the estate had been timely. It is also revealing that, during direct examination, appellee's attorney testified that all the claims listed in the application for instruction, except appellant's claim, had indeed been paid. Further, a letter and a journal entry dated July 9 indicating that appellant's claim had been rejected were sent by appellee's attorney to appellant.

In light of these facts, this court concludes that the June 11 letter did not

constitute an effective rejection because it was not plain and unequivocal. Hence, it did not commence the running of the two-month statute of limitations.

Thus, the judgment of the court of appeals is reversed and the cause remanded.

*Judgment reversed.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, C. BROWN and KRUPANSKY, JJ., concur.