**[This opinion has been published in *Ohio Official Reports* at 81 Ohio St.3d 302.]**

IN RE ESTATE OF BAUGHMAN.

**[Cite as *In re Estate of Baughman*, 1998-Ohio-473.]**

*Probate—Claims against decedent's estate not rejected by silence pursuant to R.C. 2117.11 unless creditor plainly invokes statute's five-day response period—Minimum requirement to distinguish claims subject to rejection by silence from those claims simply pending an allowance decision by estate's personal representative.*

1.	A claim against an estate is not rejected by silence pursuant to R.C. 2117.11 unless the creditor plainly invokes the statute's five-day response period.

2.	To distinguish claims subject to rejection by silence from those claims that are simply pending an allowance decision by an estate's personal representative, the creditor's demand must, at a minimum, refer to R.C. 2117.11 and its five-day response period.

(No. 96-2727—Submitted January 14, 1998–Decided April 1, 1998.)

APPEAL from the Court of Appeals for Warren County, No. CA96-02-018.

———————————

{¶ 1} Appellee, The Provident Bank, agreed to loan Riverport Enterprises, Inc. $7,200,000, conditioned upon the execution of a promissory note by the deceased, Michael E. Baughman, as one of several guarantors. Baughman and the other guarantors also executed a promissory note limiting Baughman's liability on the Riverport loan to $1,800,000. Upon Baughman's death, appellant, Albert D. Cash, was appointed executor of Baughman's estate.

{¶ 2} In November 1992, Cash, as executor of Baughman's estate, the two beneficiaries of Baughman's estate, and the other original guarantors on the Riverport loan executed an addendum to the original promissory note. This modified guaranty reduced the Baughman estate's liability on the original note to

$1,650,000. On March 10, 1994, Provident sent a letter to Cash and the other guarantors, notifying them that Riverport was in default on the loan and that, "unless payments are made by the Borrower as requested, this letter will constitute a demand on you as Guarantors to honor your guarantee by remitting payment immediately." Eleven days later, Provident sent Cash a second letter notifying him that:

"Neither the Borrower nor any of the Guarantors has made the payments demanded in our March 10, 1994 letter.

"Therefore, this letter constitutes demand that you immediately honor your Guaranty and Amended Guaranty in the sum of $1,650,000.00."

{¶ 3} On August 18, 1994, Provident made a final demand for payment from Cash, stating:

"On March 10, 1994, we notified Riverport Enterprises, Inc. (the Borrower) that the above loans were in default * * *.

"The loans were not brought current as requested and on March 21, 1994, we sent notices to Riverport for payment in full of the loans.

"On March 21, 1994, we sent you you [*sic*] a letter demanding that you immediately honor your guaranty in the sum of $1,650,000.00.

"You have not responded to that demand and leave us no choice but to proceed with the necessary steps to protect our interests."

{¶ 4} Cash did not respond to Provident's letters. As a result, Provident filed a petition for payment in the Probate Division of the Warren County Court of Common Pleas, requesting that the court order Cash to pay the $1,650,000 guaranteed by the Baughman estate on the Riverport loan. Cash moved to dismiss the petition, arguing that the probate court lacked subject-matter jurisdiction because Provident's claim had been rejected by silence. Concluding that it indeed lacked subject-matter jurisdiction, the probate court dismissed Provident's petition.

{¶ 5} Provident appealed the dismissal, claiming that Cash had not effectively rejected the claim. Thus, Provident theorized, the matter was properly before the probate court. The court of appeals agreed, holding that Provident's demand for payment did not constitute an R.C. 2117.11 demand for allowance of a claim within five days. Determining that the R.C. 2117.11 provision for rejection by silence did not apply, the court of appeals reversed the decision of the probate court and remanded the case for consideration on the merits.

{¶ 6} The cause is now before this court upon the allowance of a discretionary appeal.

———————————

*Keating, Muething, & Klekamp, P.L.L.,* and *James R. Matthews,* for appellee.

*Finney, Bacon & Stagnaro Co., L.P.A.,* and *Peter A. Saba; Chester, Wilcox & Saxbe* and *Craig Wright; Cash, Cash, Eagen & Kessel* and *Robert B. Cash*, for appellant.

———————————

**COOK, J.**

{¶ 7} The probate court erred in dismissing Provident's petition. A claim against an estate is not rejected by silence pursuant to R.C. 2117.11 unless the creditor plainly invokes the statute's five-day response period.

{¶ 8} A motion to dismiss for lack of subject-matter jurisdiction should be denied if "any cause of action cognizable by the forum has been raised in the complaint." *State ex rel. Bush v. Spurlock* (1989), 42 Ohio St.3d 77, 80, 537 N.E.2d 641, 644. Provident's petition for payment of its claim was cognizable by the probate court unless rejected by Cash, as executor, in accordance with R.C. 2117.11. If rejected, Provident's claim would have to be filed in a court of general jurisdiction, as Ohio probate courts lack jurisdiction to adjudicate and enter money judgments upon rejected claims. Because Cash did not reject Provident's claim,

the court of appeals correctly concluded that the probate court could exercise jurisdiction over Provident's petition for payment.

{¶ 9} R.C. Chapter 2117 governs presentment of claims against an estate. Various sections of that chapter control the mechanics of allowance and rejection of claims by an estate's personal representative. A creditor must first present a claim for allowance in order to invoke the jurisdiction of the probate court on a petition for payment of the claim. In the instant case, Provident's written demands for payment of its claim necessarily constituted a presentment for allowance as contemplated by R.C. 2117.06. See *Miller v. Ewing* (1903), 68 Ohio St. 176, 183-184, 67 N.E. 292, 294.

{¶ 10} Following proper presentation by Provident of its claim, the statutory scheme obliged Cash to allow or reject it. R.C. 2117.06(D). Whether Cash rejected Provident's claim against Baughman's estate affects both the probate court's jurisdiction to hear the merits of Provident's petition and Provident's ability to bring suit on the allegedly rejected claim. R.C. 2117.12 provides that a claimant must commence an action on a rejected claim "within two months after such rejection * * * or be forever barred from maintaining an action thereon."

{¶ 11} "It is well established in Ohio that notice of disallowance of a creditor's claim against an estate by a fiduciary must be plain and unequivocal." *Hawkes Hosp. v. Colley* (1982), 2 Ohio St.3d 40, 42, 2 OBR 584, 585, 442 N.E.2d 761, 763. R.C. 2117.11 provides:

"An executor or administrator shall reject a creditor's claim against the estate he represents by giving the claimant written notice of the disallowance thereof. Such notice shall be given to the claimant personally or by registered mail with return receipt requested * * *. A claim may be rejected in whole or in part. * * *"

{¶ 12} Cash does not contend that he rejected Provident's claim in writing as required. Instead, Cash asserts that although he did not explicitly reject

Provident's claim, by ignoring Provident's letters he unequivocally communicated rejection of the claim by his silence.

{¶ 13} Silence, however, is ordinarily ambiguous. Recognizing this, the General Assembly crafted a limited exception to the general rule that rejection of a claim must be in writing. The second paragraph of R.C. 2117.11 provides:

"A claim is rejected if the executor or administrator, on demand in writing by the claimant for an allowance thereof within five days, which demand may be made at presentation or at any time thereafter, fails to give to the claimant, within such period, a written statement of the allowance of such claim. Such rejection shall become effective at the expiration of such period."

{¶ 14} Cash maintains that this provision entitles an administrator or executor to reject by five days of silence any claim presented for allowance. Because it would obviate the general requirement for written rejection/disallowance of claims against an estate, this construction of the statute is unreasonable.

{¶ 15} The aim of the provision permitting rejection by silence is to enable those creditors faced with a dilatory executor to hasten resolution of their claims against the estate. As a mechanism triggering expedited decisions regarding payment of claims against an estate, rejection by silence is the creditor's tool. A creditor may invoke the rejection by silence provision of R.C. 2117.11, deem the claim rejected after five days, and move forward to bring suit in the court of common pleas.

{¶ 16} Pursuant to the express language of the statute, the demand for allowance within five days need not be made at the time of presentment, but may be made at any time. Thus, though a creditor may make several demands that qualify as presentments for allowance, whether silence will be deemed a valid rejection depends upon the form of the creditor's written demand.

**{¶ 17}** Accordingly, we hold that to distinguish claims subject to rejection by silence from those claims that are simply pending an allowance decision by an estate's personal representative, the creditor's demand must, at a minimum, refer to R.C. 2117.11 and its five-day response period. For example, in *Countyline Landscaping, Inc. v. Widen* (June 18, 1993), Geauga App. No. 92-G-1730, unreported, 1993 WL 218440, the creditor plainly invoked the rejection by silence provision by stating in its demand, "[P]lease consider this a demand that the claim be allowed within five days, pursuant to Ohio Revised Code Section 2117.11." On the other hand, a demand containing only the phrase "within the time provided by law," *Bush v. O'Dell* (Feb. 26, 1992), Licking App. No. CA-3705, unreported, 1992 WL 61283, is insufficient to invoke the R.C. 2117.11 rejection by silence provision.

**{¶ 18}** Provident's letters contained no language demanding that Cash answer within five days pursuant to R.C. 2117.11. Because Provident's letters cannot be construed as plainly invoking the rejection by silence provision contained in R.C. 2117.11, the court of appeals was correct in holding that Cash's failure to respond to Provident's letters did not trigger the provision. Cash did not reject Provident's claim by his silence, and thus the claim was not a rejected claim over which the probate court lacks jurisdiction. Accordingly, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and LUNDBERG STRATTON, JJ., concur.

_____