OPINION
The plaintiff-appellant, Mutual Federal Savings Bank ("the appellant"), appeals from a judgment of the Shelby County Court of Common Pleas granting the defendant-appellee, Helen R. Sanford ("the appellee"), summary judgment, denying the appellant summary judgment, and dismissing the appellant's complaint with prejudice. For the following reasons, we affirm the judgment of the trial court.
The facts and procedural history of the case are as follows. On or about September 22, 1995, Thomas Lindsey and Wilbur R. Lindsey, Jr. ("the makers"), executed and delivered to the appellant a note in the principal amount of $20,063, with 12% percent interest. Payment on the note was to be made in sixty (60) consecutive monthly installments with any remaining balance to be paid no later than September 22, 2000.
The appellant alleges that contemporaneously with the makers' execution and delivery of the note, Derwin Curtis Sanford ("the guarantor") and the makers each provided their joint and several personal guaranty for the amount due under the note. The appellant further alleges that the proceeds of the note were disbursed only to the makers of the note and not to the guarantor.
On February 18, 1997, the makers of the note voluntarily filed for protection under Chapter 7 of the United States Bankruptcy Code. On April 8, 1997, the makers' bankruptcy became effective, as they were adjudicated insolvent.
On June 28, 1997, the guarantor died intestate. On July 21, 1997, the Shelby County Probate Court appointed the appellee as the administratrix of the guarantor's estate.
In July of 1997, the appellant presented to the appellee a claim against the guarantor's estate for the amount due under the note. The claim letter was mailed to the appellee by certified mail; return receipt as required under R.C. § 2117.06. The claim letter was also filed with the probate court on July 17, 1997, as required under R.C. § 2117.06.
On August 4, 1997, counsel for the appellee, attorney Theodore Gudorf, replied to the appellant's letter of July 17, 1997. On August 25, the appellant's counsel responded to the letter. Subsequent to these communications, the appellant sold substantially all of the business equipment and applied the proceeds to the balance due on the note.
On January 21, 1999, the appellant filed a complaint for money damages in the Shelby County Court of Common Pleas. The appellant sought payment from the guarantor's estate in the amount due under the note. On May 24, 1999, the appellee filed her motion for summary judgment with the trial court. The appellant filed its response to the appellee's motion for summary judgment on June 14, 1999. The appellee filed a reply memorandum to the appellant's response on June 22, 1999. Also on June 14, 1999, the appellant filed its own motion for summary judgment. The appellee filed a response to the appellant's motion for summary judgment on July 15, 1999.
On August 16, 1999, the Shelby County Court of Common Pleas filed its decision. In the trial court's judgment entry, the court found that the appellant's claim was time barred under R.C. § 2117.12. The trial court awarded summary judgment to the appellee, denied summary judgment to the appellant, and dismissed the complaint with prejudice.
It is from this decision that the appellant now appeals, asserting the following two assignments of error.
ASSIGNMENT OF ERROR NO. I
 The Shelby County Common Pleas Court erred in denying Summary Judgment to Appellant-Plaintiff in that such result is contrary to law and facts.
 ASSIGNMENT OF ERROR NO. II
 The Shelby County Common Pleas Court erred in awarding Summary Judgment to Appellee-Defendant in that such result is contrary to law and the facts presented.
 In considering an appeal from the granting of a summary judgment, we review the grant of the motion for summary judgment independently and do not give deference to the trial court's determination. Schuch v. Rogers (1996), 113 Ohio App.3d 718, 720. Accordingly, we apply the same standard for summary judgment as did the trial court. Midwest Specialties, Inc. v. Firestone Tire Rubber Co. (1988), 42 Ohio App.3d 6, 8.
Summary judgment is proper when, looking at the evidence as a whole (1) no genuine issue of material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence, construed most strongly in favor of the nonmoving party, that reasonable minds could only conclude in favor of the moving party. Civ.R. 56(C); Horton v. Harwick Chemical Corp. (1995), 73 Ohio St.3d 679,686-87. To make this showing, the initial burden lies with the movant to inform the trial court of the basis for the motion and identify those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. Dresher v. Burt
(1996), 75 Ohio St.3d 280, 293. Those portions of the record include the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action. Civ.R. 56(C).
Having set forth the proper standard of review, we now turn to the merits of the appellant's assignments of error.
In its first assignment of error, the appellant contends that the trial court erred in overruling its motion for summary judgment. Initially, the appellant maintains that the trial court erred in determining that the appellee had rejected the claim of the appellant, thereby misapplying the provisions of R.C. §§ 2117.03, 2117.11 and 2117.12, and interpretive case law.
R.C. § 2117.06 provides for the manner by which a creditor presents a claim against an estate. Further, this section provides that the executor or administrator shall allow or reject all claims. R.C. § 2117.06(D). If an administrator or executor elects to reject a claim, R.C. § 2117.11 sets forth the manner by which that executor or administrator must give notice of the rejection of the claim. Finally, R.C. § 2117.12 provides that when an administrator or executor has properly rejected a claim, the claimant must commence an action on the claim within two months after such rejection. If an action on a properly rejected claim is not commenced within the two-month statute of limitations, the claim is forever barred.
It is undisputed that the appellant properly presented a claim against decedent, Derwin Sanford's estate, on July 17, 1997. It is also undisputed that the present action was commenced on January 21, 1999. What is disputed is whether a letter dated August 4, 1997, authored by counsel for the appellee of the decedent's estate, operated as a valid rejection of the properly submitted claim. Should we find that the letter is a valid rejection of the appellant's claim, the current action is time barred as it was filed outside of the two-month statute of limitations. Consequently, we need determine whether the August 4, 1997, letter is a valid rejection of the appellant's claim against the estate.
The standard for determining whether a letter is a valid rejection sufficient to trigger the running of the two-month statute of limitations provided in R.C. § 2117.12 is stated inHawkes Hospital v. Colley (1982), 2 Ohio St.3d 40. In Colley, the Supreme Court of Ohio held, in pertinent part, as follows:
 It is well established in Ohio that notice of disallowance of a creditor's claim against an estate by a fiduciary must be plain and unequivocal. As this court stated in Miller v. Ewing (1903), 68 Ohio St. 176, 186:
 * * * `We readily assent to the proposition that in order to avail in starting the six months' clause to running, the rejection must be plain and unequivocal. If it is simply argumentative and uncertain;* * *or, if, as held in Hoyt v. Binnett, 50 N.Y., 538, at the time of the alleged rejection, the administrator does or says anything from which the claimant may reasonably infer that the determination to dispute or reject the claim is not final, but that it will be further examined or considered, the administrator may not set up such a dispute as a rejection.'
(Emphasis sic.) Id. at 42. In Colley, Hawkes Hospital of Mt. Carmel presented to the administrator of the estate a claim in the amount of $6,454.28 for services rendered to the decedent. In response to the claim, the administrator's counsel sent a letter of supposed rejection. The letter provides, in pertinent part, as follows:
 This is to inform you that an Application for Instruction, a copy of which has been filed with the Probate Court and that the matter has been set for hearing July 5, 1979 at 10:00 A.M.
* * *
 Also be informed that your claim against the Estate of Mr. Anderson has been rejected by the Executor for the reason that it was not properly or timely filed.
The Supreme Court of Ohio reasoned that the first paragraph of the letter referred the claim to the probate court for determination and hence the claim was being further considered. In the final paragraph, however, the Court reasoned that the appellant had rejected the claim because it had not been timely filed. The Court concluded that there was an "unmistakable inconsistency" in the content of the letter as to whether a rejection of the claim had been made. Finally, the Court held as follows:
 It is clear then that appellee's correspondence * * * was not a plain and unequivocal rejection of appellant's claim, for it failed to comply with the standards in Miller that * * * an administrator cannot do or say anything which would cause the claimant to reasonably infer that the rejection was not final.
 Id. at 43. Accordingly, the Court held that the letter "* * * did not constitute an effective rejection because it was not plain and unequivocal." Id. at 43-44.
In the case herein, it is undisputed that the appellant properly filed a claim in the amount of $17,294.09, plus interest of 12% percent from May 14, 1999, with the decedent's estate. In response to this properly filed claim, counsel for the appellee sent a letter to the appellant dated August 4, 1997. The relevant portions of this letter are as follows:
 Based upon my preliminary review of the documents involved in each transaction, the guaranty in each instance is conditional, and therefore, Mutual must first exhaust its remedies against the principal debtors
 * * * With respect to Pump You Up Gym, this includes pursuing the business equipment which secures the debt.
 In light of the above, the estate is unable to comply with your request.
In his brief, the appellant asserts that, pursuant to the Supreme Court of Ohio's decision in Colley, the claim was not unequivocally rejected. In Colley, however, the letter was anything but unequivocal and the court so held.
In the present case, the concluding remark of the letter ofAugust 4, 1997, states, in pertinent part, that "the estate isunable to comply with your request." There is nothing in thematter from which the claimant could reasonably infer that thedetermination to dispute or reject the claim is not final or thatit will be further examined or considered, as was the case inColley. Therefore, we cannot in good conscience say that thelanguage of the letter is susceptible of more than oneinterpretation. Furthermore, this is made apparent by theappellant's own attorney, in his response letter, dated August 25,1997, which clearly indicates that he understood that the claimhad been denied and that he would be commencing litigation.
For the foregoing reasons, we find that the rejection was plain and unequivocal. Having so found, the current action is time barred by operation of R.C. § 2117.12.
In its brief, the appellant sets forth several other arguments in support of a finding that summary judgment should have been granted in its favor. We note, however, that because the rejection of the claim was plain and unequivocal and the action is time barred pursuant to statute, the appellant's motion for summary judgment was properly denied. Therefore, we need not address the appellant's remaining arguments under its first assignment of error. Accordingly, the appellant's first assignment of error is not well-taken and is overruled.
In its second assignment of error, the appellant maintains that the trial court erred in granting the appellee's motion for summary judgment. Specifically, the appellant contends that the trial court erred in failing to strike from the evidence the affidavit of the administratrix. The administratrix's affidavit states in pertinent part that "[o]n August 4, 1997, the claim [presented by Mutual] was rejected by the estate." In its brief, the appellant contends that the administratrix's statement lacks personal knowledge and constitutes an improper conclusion by a lay witness. There is no evidence before us, however, to indicate that the trial court relied upon this statement in reaching its decision. Therefore, the appellant's argument lacks sufficient merit.
In conclusion, we find that the appellee's motion for summary judgment was properly granted as no genuine issues of material fact remain to be litigated. Accordingly, the appellant's second assignment of error is not well-taken and is overruled.
Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, the judgment of the Shelby County Court of Common Pleas is affirmed.
Judgment affirmed.
WALTERS, J., concurs.
BRYANT, J., dissents.