[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
In its single assignment of error, the plaintiff-appellant, Management Plus Realty Service, Inc., contends that the trial court erred in granting the defendants-appellees, Vance and Wade Banker, summary judgment in an action seeking payment for material and services rendered against the estate of Sunny Peters. The basis of the trial court's decision was that the Bankers had earlier rejected the claim on behalf of the estate, and that Management Plus had not filed a complaint against the estate within the two-month statute of limitations contained in R.C.2117.12. That section provides that when a claim against an estate "has been rejected in whole or in part," the claimant must commence an action on the claim, or the part rejected, within two months of the rejection "or be forever barred from maintaining an action thereon."
Management Plus argues that it was not put on notice of the rejection because the estate did not make the rejection "plain and unequivocal," as is required in order to invoke R.C. 2117.12. SeeHawkes Hospital v. Colley (1982), 2 Ohio St.3d 40, 442 N.E.2d 761. This being so, Management Plus argues, the applicable statute of limitations is the normal fifteen-year period for written contracts. See R.C. 2305.06.
The basis for the trial court's decision was an April 5, 1996, letter to Management Plus. Having reviewed this correspondence, and the correspondence that preceded it, we agree with the trial court that as a matter of law the letter constituted a "plain and unequivocal" rejection of Management Plus's claim, in whole or in part. The letter stated that the estate would "not accept any of the repair and maintenance work invoices." In addition, the letter stated that "[u]ntil proven otherwise," the estate would assume that Management Plus owed the estate money. Elsewhere, the letter stated that the estate could not "justify [Management Plus's] invoices versus the work completed" and that "[t]he estate will not pay Sam Hickman's invoices." Finally, the letter concluded with the statement that the estate was owed $3,586.41, but, to "avoid a lengthy court battle," the estate would settle the matter by issuing a check to Management Plus for $4,668.59. All these statements, in our view, demonstrated that the estate was plainly, and without equivocation, rejecting the claims of Management Plus "in whole or in part," thus triggering the two-month statute of limitations contained in R.C. 2117.12.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
GORMAN, P.J., PAINTER and WINKLER, JJ.