### In re ESTATE OF LIGGONS.

[Cite as *In re Estate of Liggons*, 187 Ohio App.3d 750, 2010-Ohio-1624.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–08–1427.

Decided April 9, 2010.

Jenelda E. Witcher, for appellant, Deborah Liggons.

Terry J. Lodge, for appellee, Demoriss Liggons.

Abood, Judge.

{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas, Probate Division, which ordered appellant, the executor of the estate of William D. Liggons, to reimburse appellee, the decedent's surviving spouse, for funeral expenses, found that appellant had not properly brought a claim against appellee for reimbursement for the value of a 1995 Cadillac motor vehicle, and found that appellee was not required to reimburse the estate for certain real estate taxes.

{¶ 2} Appellant sets forth three assignments of error:

{¶ 3} "1.  The probate court erred when it ordered the Estate of William D. Liggons to reimburse the surviving spouse, Demorris Liggons, for funeral

expenses, as the claim had been first presented in writing to the estate in November, 2005, and was rejected in writing in December, 2005. Upon rejection of the claim, the probate court no longer had subject matter jurisdiction on the claim.

{¶ 4} "2. The probate court erred and abused its discretion, when it ordered the estate to reimburse the surviving spouse for funeral expenses, when the claim for reimbursement was not submitted pursuant to the requirements of R.C. 2117.06. An untimely claim deprives the court of subject matter jurisdiction.

{¶ 5} "3. The probate court erred and abused its discretion when it ruled that the Estate had not presented a valid claim for reimbursement of the value of property rightfully belonging to the Estate, namely the 1995 Cadillac, wrongfully taken by the surviving spouse, and in ruling that the surviving spouse did not have to reimburse the estate for real estate taxes."

{¶ 6} The facts that are relevant to the issues raised on appeal are as follows. William D. Liggons died on January 4, 2004, leaving his surviving spouse, appellee Demorris Liggons, nine children, and two stepchildren. On March 5, 2004, William Liggons's will was admitted to probate with his daughter, appellant Deborah R. Liggons, named as executor. The will, which was executed on October 14, 1993, referred to an antenuptial agreement executed by the decedent and appellee on April 7, 1988, and left everything to William's nine children and two stepchildren, equally.

{¶ 7} On November 4, 2005, appellee filed a motion for reimbursement of funeral expenses, combined with a motion to enforce judgment and to distribute assets to the surviving spouse. In her motion, appellee sought enforcement of a judgment that was rendered on August 30, 2005, in a separate declaratory-judgment action that found the antenuptial agreement valid and enforceable and made certain orders as to real property located at 1784 Tecumseh Street, in Toledo. Included in the motion was a request that the court order appellant to reimburse appellee for funeral expenses in the amount of $7,169.82.

{¶ 8} On December 2, 2005, appellant filed her response to the motion. As to the portion of that response that addressed the funeral expenses, appellant stated, "As to the reimbursement of funeral expenses, the fiduciary rejects the claim. The agreement between the Surviving Spouse and the funeral home, pursuant to the contract executed, was that whoever was listed as the beneficiary of decedent's insurance would pay the funeral bill. She is not entitled to reimbursement of funeral expenses in this matter pursuant to statute."

{¶ 9} On December 16, 2005, appellee filed a motion for clarification of the August 30, 2005 order as it related to the property at 1784 Tecumseh Street.

{¶ 10} On October 19, 2006, the court filed a judgment entry that addressed the issues raised in both the motion for reimbursement of funeral expenses, combined with the motion to enforce judgment and to distribute assets to the surviving spouse, and the motion for clarification. In that entry the court made the following findings: (1) The property at 1748 Tecumseh Street is part of the decedent's estate and should be distributed in accordance with his will and that, since the surviving spouse "has assumed the legal responsibility for this property during the pendency of this matter, she is permitted to retain rents previously received; upon proof that the property is current in financial obligations such as real estate taxes and utility payments. No accounting will be required for the period she has managed this property." (2) "A review of Defendant's exhibit 19(A), which is the funeral purchase contract, contains no language regarding an obligation of the insurance beneficiary. The court is also unaware of any statute that places this payment obligation on the insurance beneficiary. Accordingly, the estate is directed to reimburse the surviving spouse in the amount $7169.82 for her payment of the funeral bill." No appeal was taken from that order.

{¶ 11} On December 14, 2007, appellee filed a certificate of judgment, reflecting the probate court's October 19, 2006 judgment for $7,169.82 for funeral expenses. Thereafter, the real estate included in the estate was sold.

{¶ 12} On August 8, 2008, appellee filed a motion to compel distribution to the surviving spouse, in which she requested that the court order appellant to distribute the $7,169.82 that had been previously awarded to her in the court's October 19, 2006 judgment entry. On August 29, 2008, appellant filed a memorandum in opposition to the motion to compel, in which she offered several arguments as to why she believed that the court should reconsider its prior order for the estate to reimburse appellee for the funeral expenses and argued further that appellee had wrongfully transferred the title to a 1995 Cadillac automobile into her name and had retained possession of that vehicle since the time of William's death. Appellant requested that the court allow a credit against the reimbursed funeral expenses for the value of the Cadillac at the time of William's death, which was $13,500, and order appellee to reimburse the estate for the difference. Appellant also requested that the court order appellee to reimburse the estate for real estate taxes that were owed on the Tecumseh Street property and two other properties over which she had exercised control and collected rents for a period of time until the estate took control of them.

{¶ 13} The motion was referred by the court to a magistrate for hearing and report, and on October 2, 2008, the magistrate filed her decision, in which she found the motion to compel distribution to the surviving spouse well taken and ordered appellant to pay $7,169.82 plus 10 percent interest to appellee from funds from the sale of real property by the estate that were being held in escrow. As

to the 1995 Cadillac, the magistrate found: "[The] argument that the surviving spouse was not entitled to take title to the decedent's 1995 Cadillac has not been previously before the Court. No motion to enforce the antenuptial agreement or motion to set aside its conveyance has been filed. * * * A Memorandum in Opposition is not the correct procedural vehicle to bring the matter before the Court. Further, the fiduciary has no right or authority to offset its value from the funeral bill." The magistrate also noted that in its October 19, 2006 order, the court had found as to the Tecumseh Street property that "[n]o accounting will be required for the period she has managed this property."

{¶ 14} On October 15, 2008, appellant filed objections to the magistrate's decision in which she essentially argued that the magistrate's findings as to the reimbursement for funeral expenses and the 1995 Cadillac were an abuse of discretion, since the surviving spouse waived her right to reimbursement for funeral expenses when she executed the antenuptial agreement. On November 20, 2008, the court filed its decision on the objections to the magistrate's decision. As to the issues raised before this court, the trial court stated that "if the fiduciary believed that the surviving spouse was in wrongful possession of a vehicle owned by the decedent, then the proper course of action would have been to file an action for breach of the Antenuptial Agreement or a Complaint for concealment of assets." The court noted that the issue of the Cadillac had never been brought before the court by motion or complaint and stated that "the nature of this unilateral action by the estate does not comport with a 'set off' against a beneficiary's share under O.R.C. 2133.59." The court approved and adopted the magistrate's decision and ordered the fiduciary of the estate to pay to the surviving spouse the $7,169.82 plus interest within 14 days of the date of the order. On December 5, 2008, the fiduciary filed her notice of appeal.

{¶ 15} This court will consider appellant's first two assignments of error together, since both claim that the trial court did not have subject-matter jurisdiction over appellee's claim for reimbursement for funeral expenses and that the court's orders of October 19, 2006, and November 20, 2008, for reimbursement were void ab initio.

{¶ 16} In the first assignment of error, appellant argues that the trial court lost subject-matter jurisdiction over the claim when it was rejected in the December 2, 2005 response to the motion for reimbursement of funeral expenses. In the second assignment of error, appellant argues that the trial court did not have subject-matter jurisdiction over the claim because it was not timely submitted pursuant to the requirements of R.C. 2117.06.

{¶ 17} Appellee argues in response to both assignments of error that the six-month time requirement for presenting a claim set forth in R.C. 2117.06 is not jurisdictional but is in the nature of a statute of limitations and, since appellant

did not state it as the basis for rejecting the claim or otherwise raise the issue in the trial court, it was waived and may not be raised for the first time on appeal.

{¶ 18} This court will first address the issue of the failure of appellee to make her claim pursuant to the time requirements set forth in R.C. 2117.06 and whether that failure deprived the trial court of subject-matter jurisdiction over the claim.

{¶ 19} R.C. 2117.06(B), states: "[A]ll claims shall be presented within six months after the death of the decedent."

{¶ 20} R.C. 2117.06(C) states: "[A] claim that is not presented within six months after the death of the decedent shall be forever barred as to all parties."

{¶ 21} William Liggons died on January 4, 2004. The claim for reimbursement of funeral expenses was first brought to the attention of the fiduciary of the estate and the court by means of appellee's November 4, 2005 motion for reimbursement of funeral expenses, 22 months after the death of the decedent and clearly outside of the time frame for making a claim against an estate set forth in R.C. 2117.06.

{¶ 22} This court considered a similar situation in *In re Estate of Lewis,* 6th Dist. No. L–05–1225, 2006-Ohio-1986, 2006 WL 1047478, in which William Lewis, administrator of the estate of Charles W. Lewis, appealed the judgment of the Lucas County Probate Court that ordered the estate to reimburse the estate of Alice C. Lewis, Charles's surviving spouse, for 50 percent of what Alice had advanced for funeral expenses for Charles, from an account that she had held jointly with him.

{¶ 23} In that case, Charles died on December 14, 1999, and Alice died on April 27, 2000. In December 2001, the administrator of Alice's estate found out about the advance of funds for Charles's funeral expenses and on May 20, 2002, filed a motion for reimbursement of the advances for funeral expenses in the probate case of Alice Lewis. On October 28, 2003, the administrator of Charles's estate filed a memorandum in opposition to the motion for reimbursement of advances, in which he argued that the motion constituted a claim against the estate of Charles Lewis and, as such, must have been filed against the estate of Charles Lewis within the statutory time limit set forth in R.C. 2117.06. On May 20, 2004, the probate court granted the motion for reimbursement, finding that the surviving spouse was entitled to reimbursement for funeral expenses pursuant to R.C. 2106.20, which provides, "A surviving spouse * * * is entitled to a reimbursement from the estate of the decedent for funeral and burial expenses * * * paid by the surviving spouse * * *, to the extent that the rights of other creditors of the estate will not be prejudiced by the reimbursement."

{¶ 24} On appeal, this court found, citing *Osborne v. Osborne* (1996), 114 Ohio App.3d 412, 683 N.E.2d 365, that the motion for reimbursement of funeral expenses constituted a claim against the estate and that the "claim for reimbursement is barred by the time provision set forth in R.C. 2117.06 as appellees' motion was filed more than two years after the decedent's death." This court went on to say: "We note that the trial court ultimately tried to achieve a just decision; however, the statutory provisions clearly bar recovery in this manner."

{¶ 25} What distinguishes this case from the *Lewis* case, however, is the fact that here, the issue of the timeliness of the surviving spouse's claim was not given as a reason for the rejection of the claim by appellant and was not raised at any time until after the notice of appeal to this court was filed. In accordance with this court's ruling in *Lewis*, had the lack of timeliness been set forth in appellant's memorandum in opposition in the trial court, this court would have no alternative but to reverse the trial court's order for reimbursement of funeral expenses.

{¶ 26} Since that is not what occurred in the trial court, the issue now before this court is whether the mandatory time frame provided for in R.C. 2117.06(B) is jurisdictional, as appellant claims, or in the nature of a statute of limitations, which is waived if not asserted when the claim is presented to the fiduciary of the estate, as appellee claims.

{¶ 27} The courts of Ohio have long held that the time period for presenting claims pursuant to R.C. 2117.06 is a period of limitations. *Prudential Ins. Co. of Am. v. Joyce Bldg. Realty Co.* (1944), 143 Ohio St. 564, 56 N.E.2d 168 (construing analogous former section). Pursuant to Civ.R. 12(C), the failure to bring an action within the time specified by an applicable statute of limitations is an affirmative defense that must be raised in a responsive pleading or it is waived. In her memorandum in opposition to appellee's motion for reimbursement of funeral expenses, appellant did not raise the issue of the timeliness of the presentation of the claim, and therefore it was waived.

{¶ 28} In accordance with the foregoing, this court finds that appellee's failure to comply with the requirement that a claim against the estate be presented within six months of the death of the decedent did not deprive the probate court of subject-matter jurisdiction to consider appellee's claim for reimbursement for funeral expenses.

{¶ 29} This court will now address the issue whether there was a rejection of the surviving spouse's claim for reimbursement of funeral expenses that deprived the trial court of subject-matter jurisdiction over the claim.

{¶ 30} As set forth above, the claim for reimbursement of funeral expenses was first made by appellee upon the filing of the November 4, 2005 motion for reimbursement of funeral expenses. Appellant filed a response on December 2,

2005, which stated, "As to the reimbursement of funeral expenses, the fiduciary rejects the claim. The agreement between the Surviving Spouse and the funeral home, pursuant to the contract executed, was that whoever was listed as the beneficiary of decedent's insurance, would pay the funeral bill. She is not entitled to reimbursement of funeral expenses in this matter pursuant to statute."

{¶ 31} Appellant argues that the claim for funeral expenses was rejected when she filed her response to appellee's motion for reimbursement of funeral expenses and once the claim was rejected, the probate court no longer had subject-matter jurisdiction over the claim.

{¶ 32} Appellant is correct that Ohio courts have held that a probate court lacks subject-matter jurisdiction to enter an order adjudicating a claim against an estate when that claim has been rejected by the estate. *In re Estate of Vitelli* (1996), 110 Ohio App.3d 181, 183, 673 N.E.2d 948; *Kraus v. Hanna*, 11th Dist. No. 2002–P–0093, 2004-Ohio-3928, 2004 WL 1662248. When a claim is rejected by the fiduciary of an estate, the claimant's remedy lies in R.C. 2117.12, which provides, "When a claim against an estate has been rejected in whole or in part * * * the claimant must commence an action on the claim * * * within two months after the rejection * * * or be forever barred from maintaining an action on the claim or part of the claim that was rejected." While the statute does not specifically state in which court the creditor must commence the action, cases have held that the matter must be brought before a court of general subject-matter jurisdiction, not the probate court. *Mainline Constr. Co. v. Warren* (1967), 11 Ohio Misc. 233, 40 O.O.2d 509, 227 N.E.2d 432; *Children's Med. Ctr. v. Ward* (1993), 87 Ohio App.3d 504, 622 N.E.2d 692; *Vitelli; Kraus.*

{¶ 33} While this clear statement of law, which has been affirmed by a continuous line of Ohio cases, would appear to resolve the issue, under the facts of this case, questions still remain.

{¶ 34} Both parties have based their arguments on the premise that appellee's November 4, 2005 motion for reimbursement of funeral expenses constituted a claim against the estate pursuant to R.C. 2117.06(B).

{¶ 35} The issue then becomes, Does the December 2, 2005 response to that motion constitute a rejection that would, under the foregoing case law, deprive the trial court of subject-matter jurisdiction to consider the surviving spouse's claim for reimbursement of funeral expenses?

{¶ 36} R.C. 2117.11 provides: "An executor or administrator * * * who receives the presentation of a claim as provided in division (A)(2) of section 2117.06 of the Revised Code, shall reject a creditor's claim against the estate by giving the claimant written notice of the disallowance of the claim."

{¶ 37} R.C. 2117.12 provides: "When a claim against an estate has been rejected * * * the claimant must commence an action on the claim * * * within two months after * * * the debt that was rejected becomes due, or be forever barred from maintaining an action on the claim * * * that was rejected."

{¶ 38} The standard for determining whether there has been a valid rejection pursuant to R.C. 2117.11 is set forth in *Hawkes Hosp. of Mt. Carmel v. Colley* (1982), 2 Ohio St.3d 40, 2 OBR 584, 442 N.E.2d 761. In that case, on January 4, 1979, Hawkes Hospital of Mt. Carmel presented a claim to the executor of the estate of John H. Anderson in the amount of $6,454.28 for services it had rendered to the decedent. On June 11, 1979, the attorney for the executor sent a letter to the hospital that stated: "This is to inform you that an Application for Instruction, a copy of which has been filed with the Probate Court [sic] and that the matter has been set for hearing July 5, 1979 at 10:00 A.M. * * * Also be informed that your claim against the estate of Mr. Anderson has been rejected by the Executor for the reason that it was not properly or timely filed." Following the hearing, on July 9, 1979, the executor's attorney sent a letter and a journal entry to the hospital that stated, "You are notified that the undersigned, Executor of the Estate of John H. Anderson, deceased, has this day rejected your claim in the amount of $6,454.28." On August 23, 1979, the hospital brought an action for the amount claimed in the general division of the common pleas court. Following a trial, the court found that the June 11, 1979 letter constituted a rejection of the claim and, therefore, that the claim was barred because the action was not brought within the time frame set forth in R.C. 2117.12. The court entered judgment in favor of the estate, the hospital appealed, and the court of appeals affirmed.

{¶ 39} The Ohio Supreme Court framed the issue before it as follows: "The basic issue presented is whether the letter dated June 11, 1979, sent by appellee's attorney to appellant, constituted a rejection of appellant's claim against the estate of appellee's decedent within the ambit of R.C. 2117.11 and applicable case law." *Hawkes*, 2 Ohio St.3d at 42, 2 OBR 584, 442 N.E.2d 761.

{¶ 40} The court determined that in order to start the clock running on the time to bring an action following a rejection, the rejection must be plain and unequivocal. Id. In its analysis whether the hospital's claim was plain and unequivocal, the court noted that the June 11, 1979 letter and attached application for instruction sent a mixed message to the hospital that the claim was being rejected because it was not timely filed but also that the estate was looking to the court to determine the validity of the claim. The court went on to say that if at the time of the rejection, the fiduciary says or does anything from which the claimant may reasonably infer that the rejection is not final, then it is not an effective rejection. Id. at 43, 2 OBR 584, 442 N.E.2d 761, citing *Miller v. Ewing*

(1903), 68 Ohio St. 176, 67 N.E. 292. The court ultimately determined, "By giving the impression in the correspondence that the payment of appellant's claim would be brought before the probate court for determination, appellee's attorney fell short of making the letter of June 11 a plain and unequivocal rejection," id. at 43, 2 OBR 584, 442 N.E.2d 761, and found that the June 11, 1979 letter did not constitute an effective rejection that began the running of the two-month statute of limitations set forth in R.C. 2117.12.

{¶ 41} In applying the analysis of the *Hawkes* case, this court notes that in this case (1) the rejection was not made until after the claim was brought before the court, (2) the statement that the claim was rejected was set forth in a memorandum to the court in response to the surviving spouse's motion for reimbursement of funeral expenses, (3) the statement that it was rejected was coupled with an argument to the court as to why the court should deny the claim, and (4) appellant participated in the proceedings on the motion by filing a response that included the argument that the court should deny the motion because there was an agreement between the surviving spouse and the funeral home that whoever was the beneficiary of the decedent's life insurance policy would pay the funeral bill.

{¶ 42} As in the *Hawkes* case, appellant's actions clearly resulted in an ambiguity that created a reasonable basis for appellee to infer that the statement that the claim was rejected was not final but that appellant was looking to the court for a final determination of the issue.

{¶ 43} In accordance with the foregoing, this court finds that the statement set forth in the December 2, 2005 response to the motion for reimbursement of funeral expenses that the claim was rejected did not constitute a plain and unequivocal rejection that started the clock running on the time to bring an action on the claim as set forth in R.C. 2117.12 and did not deprive the probate court of subject-matter jurisdiction over the claim.

{¶ 44} This court finds further that the October 19, 2006 judgment entry of the probate court was a final, appealable order from which no appeal was taken, and appellant's first and second assignments of error are not well taken.

{¶ 45} In her third assignment of error, appellant claims that the probate court erred and abused its discretion when it ruled that the estate had not presented a valid claim for reimbursement of the value of the 1995 Cadillac that was retained by appellee, and in ruling that appellee did not have to reimburse the estate for real estate taxes that came due during the time that she managed certain properties before they were taken over by the estate. In support of this assignment of error appellant argues that the trial court failed to equitably and fairly decide these issues and "abused its discretion in its ruling."

{¶ 46} The first time that appellant brought the issues of the 1995 Cadillac and the claim that appellee should reimburse the estate for real estate taxes before the court in this case was in her August 29, 2008 memorandum in response to the surviving spouse's motion to compel distribution to the surviving spouse. In that memorandum, appellant set forth several arguments as to why she believed that the court should reconsider its prior order for the estate to reimburse appellee for funeral expenses or, in the alternative, allow a credit against the reimbursed funeral expenses for the value of the Cadillac at the time of William's death. Appellant also requested in the memorandum that the court order appellee to reimburse the estate for real estate taxes that were owed on property over which she had exercised control and for which collected rents for a period of time until the estate took control of them.

{¶ 47} As to the issue of the 1995 Cadillac, the probate court magistrate found that (1) the argument that the surviving spouse wrongfully took possession of the Cadillac was not previously before the court, (2) no motion to set aside the conveyance of the title to the Cadillac had been filed, (3) the memorandum in opposition was not the proper vehicle to bring that matter before the court, and (4) the fiduciary had no right or authority to offset its value from the funeral bill.

{¶ 48} As to the issue of the real estate taxes, the magistrate found that the court was unequivocal in its October 19, 2006 order that no accounting would be required for the real property that the surviving spouse had managed and that that was a final, appealable order as to that issue.

{¶ 49} In its November 20, 2008 decision on the fiduciary's objections to the magistrate's decision, the court found (1) as to the Cadillac, that "if the fiduciary believed that the surviving spouse was in wrongful possession of a vehicle owned by the decedent, then the proper course of action would have been to file an action for breach of the Antenuptial Agreement or a Complaint for Concealment of Assets" and (2) as to the real estate taxes, that matter was determined by the court's October 19, 2006 entry that declared, "No accounting will be required for the period of time she managed this property," and held that the magistrate's decision was approved and adopted by the court.

{¶ 50} In support of this assignment of error, appellant essentially argues that the court abused its discretion by failing to render a fair and equitable ruling on these two claims by the estate.

{¶ 51} An abuse of discretion is "more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140.

{¶ 52} Upon consideration of the evidence that was before the probate court and the law, this court holds that (1) the October 19, 2006 judgment entry in which the court stated, "No accounting will be required for the period of time she managed this property," was a final, appealable order from which no appeal was taken, (2) the probate court properly found that appellant's August 29, 2008 memorandum in response to appellee's motion to compel distribution to the surviving spouse was not the proper means of bringing an action against the surviving spouse to recover the Cadillac automobile, (3) appellant has not shown that the trial court's findings as to the real estate and the Cadillac automobile were unreasonable, arbitrary, unconscionable, or contrary to law, and (4) appellant's third assignment of error is not well taken.

{¶ 53} On consideration whereof, this court finds that the judgment of the Lucas County Court of Common Pleas, Probate Division, is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24(A).

Judgment affirmed.

HANDWORK and PIETRYKOWSKI, JJ., concur.