CALDWELL, Appellant,

v.

BROWN, Exr., Appellee.

[Cite as *Caldwell v. Brown* (1996), 109 Ohio St.3d 609.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 15526.

Decided March 1, 1996.

*James R. Kirkland,* for appellant.

*Richard H. Hammond,* for appellee.

FAIN, Judge.

Plaintiff-appellant, Joe W. Caldwell, appeals from the dismissal of his cause of action. Caldwell contends that the trial court erred in concluding that his cause of action was barred because he failed to bring it within the time prescribed by R.C. 2117.12. We agree. Accordingly, the judgment of the trial court is reversed, and this cause is remanded for further proceedings.

## I

On October 7, 1993, Caldwell's counsel, James R. Kirkland, sent a letter to Hammond & Stier law offices. The letter referred to the estate of Mary Caldwell, and purported to present a claim on behalf of Joe Caldwell. The claim was expressly predicated upon provisions in a divorce decree.

On October 8, 1993, Richard H. Hammond, an attorney representing the executor of the estate of Barbara Caldwell, sent Kirkland a letter. The entire text of that letter is as follows:

"We received a letter from you by fax on October 7, 1993, a copy of which is enclosed. We currently have no Mary Caldwell estate pending in this office to the best of the knowledge of the undersigned.

"There is, however, an estate pending on behalf of one Barbara J. Caldwell, and rumor has it that she was once married to a man by the name of Joe Caldwell.

"Perhaps you would want to check with your client to determine the proper identity of the deceased, but in any event, on the Caldwell estate we are handling, and on behalf of the administratrix thereof, we would have to reject any claim made against the Estate of Mrs. Mary Caldwell."

On October 25, 1993, Kirkland sent the presentment of a claim by certified mail, return receipt requested, to Janice Brown, the executor of the estate of Barbara Caldwell. In this letter, Kirkland correctly identified the decedent as Barbara Caldwell.

On January 25, 1994, Richard Hammond sent Kirkland a letter, in Hammond's capacity as attorney for Janice Brown, executor of the estate of Barbara Caldwell, in which he referred to his earlier correspondence rejecting the claim that had been presented on behalf of Joe Caldwell. There appears to have been no further reference to either claim presented by Kirkland before the filing of the complaint in this case on February 3, 1994.

The trial court dismissed the complaint, holding that Hammond's October 8 letter constituted a rejection of Joe Caldwell's claim, so that the complaint in this case was not timely filed in accordance with R.C. 2117.12, which requires that an action be filed within two months after the claim upon which it is based is rejected. From the dismissal of his complaint, Joe Caldwell appeals.

## II

Caldwell's sole assignment of error is as follows:

"The trial court erred by dismissing plaintiff's claim."

R.C. 2117.06(A) provides as follows:

"(A) All creditors having claims against an estate * * * shall present their claims in one of the following manners:

"(1) To the executor or administrator in a writing;

"(2) To the executor or administrator in a writing, and to the probate court by filing a copy of the writing with it;

"(3) In a writing that is sent by ordinary mail addressed to the decedent and that is actually received by the executor or administrator within the appropriate time specified in division (B) of this section. * * * "

Joe Caldwell contends that his counsel's letter of October 7, 1993 cannot be deemed to constitute the presentment of a claim in accordance with R.C. 2117.06(A) because it was not addressed to the executor of Barbara Caldwell's estate. However, we agree with defendant-appellee, Janice Brown, the executor of the estate, that a claim presented to the executor's attorney satisfies the statutory presentment requirements. *Peoples Natl. Bank v. Treon* (1984), 16 Ohio App.3d 410, 16 OBR 480, 476 N.E.2d 372.

However, Kirkland's letter of October 7, 1993 contained some ambiguity concerning the identity of the decedent. The only reference in that letter was to the estate of *Mary* Caldwell. Perhaps Hammond could have treated that letter as a claim against the estate of Barbara Caldwell, which he was handling. However, he did not do so. His letter notes that there is no Mary Caldwell estate pending in his office, that there is an estate pending on behalf of "one Barbara J. Caldwell, and rumor has it that she was once married to a man by the name of Joe Caldwell." Hammond, in his letter of October 8, 1993, then suggests that Kirkland check with his client to determine the proper identity of the deceased, but finally notes that, on behalf of his client, "we would have to reject any claim made against the Estate of Mrs. Mary Caldwell."

In our view, Hammond's letter may be interpreted as having accomplished one or both of two things. It may be construed as having rejected Joe Caldwell's

claim *as to form,* because of the misnomer of the decedent. It may also be deemed to have rejected, in an excess of caution, the claim against the estate of Mary Caldwell, electing to treat the claim literally as a claim against the estate of Mary Caldwell. What Hammond's letter of October 8 does *not* purport to do is to treat the claim presented in Kirkland's letter of October 7 as a claim against the estate of Barbara Caldwell, and reject that claim on its merits.

R.C. 2117.12 requires that when a claim against an estate has been rejected, the claimant must commence an action on the claim within two months after the rejection. Brown contends, and the trial court agreed, that this action is untimely because it was commenced more than two months after Hammond's letter of October 8. However, that letter only purported to make an unqualified rejection of a claim against the estate of Mary Caldwell. At most, the letter indicated that there were deficiencies in the form of the claim as it might apply to the estate of Barbara Caldwell, since the October 7 Kirkland letter referred only to a Mary Caldwell, and did not name Barbara Caldwell as the decedent.

The purpose of R.C. 2117.12 is to provide a short time period within which litigation against an estate must be commenced, when the claimant has been put on notice that the claim has been rejected. It is therefore essential that the claimant be put on notice, and the rejection of the claim must be plain and unequivocal. *Hawkes Hosp. of Mt. Carmel v. Colley* (1982), 2 Ohio St.3d 40, 2 OBR 584, 442 N.E.2d 761, 36 A.L.R.4th 680, syllabus. In our view, Hammond's letter of October 8, 1993 falls short of a "plain and unequivocal" rejection of a claim against the estate of Barbara Caldwell. In fact, we have not been directed to any plain and unequivocal rejection of a claim against the estate of Barbara Caldwell, whether that claim is deemed to have been made by virtue of Joe Caldwell's counsel's letter of October 7, 1993, or by virtue of his counsel's letter of October 25, 1993.

Because we do not find, in this record, a plain and unequivocal rejection of the claim made against the estate of Barbara Caldwell, it necessarily follows that the trial court erred in dismissing the complaint as not having been timely filed within two months of such a rejection.

Joe Caldwell's sole assignment of error is sustained.

### III

Joe Caldwell's sole assignment of error having been sustained, the judgment of the trial court is reversed, and this cause is remanded for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

WOLFF and GRADY, JJ., concur.