OPINION
Defendant Lydia King leased real property in Ashland, Ohio, for the purpose of operating a restaurant/tavern under the name "Journey's End." After she executed a lease agreement for the restaurant property, the property was purchased the by decedent, Robert M. Allen.
Lydia King formed a corporation known as "Duane Enterprises, Inc." Around February 17, 1994, King and appellants Glen and Phyllis Dawson entered into an agreement concerning a business venture. Specifically, appellants sought to run a pizza business at the Journey's End location.
A disagreement arose between King and appellants concerning the business venture. Robert Allen died on February 28, 1995. His daughter, Doreen Park, is the Administratrix of the Estate of Robert Allen. During the administration of the estate, Doreen Park sold the building in which the Journey's End restaurant was located for $90,000.
On June 20, 1995, legal counsel for appellants wrote a letter to legal counsel for Doreen Park, requesting that they be permitted to occupy the real estate for the purpose of operating the pizza business, as originally agreed between appellants, the decedent, and King. The letter stated that they had exhausted every attempt to negotiate a settlement with King and with Doreen Park. The letter stated that if appellants were not permitted to occupy of the property, they would pursue a claim for fraud. On July 28, 1995, Doreen Park rejected the claim as presented by appellants' counsel on June 20, 1995.
On October 20, 1995, appellants filed the instant action against King and the Estate of Robert Allen. The complaint included claims against the estate for fraud and unjust enrichment. Appellants sought return of property located in the building, and money damages. The court dismissed the claims against the estate on summary judgment, as they were not brought within two months within months of rejection of the claim, as required by R.C. 2117.12.
Appellants assign a single error:
ASSIGNMENT OF ERROR:
 THE TRIAL COURT ERRED IN DISMISSING PLAINTIFFS-APPELLANTS' CLAIMS WHERE NO MOTION FOR DISMISSAL WAS BEFORE IT, AND WHERE IT BASED ITS DISMISSAL ON A FINDING THAT PLAINTIFFS-APPELLANTS FAILED TO FILE A CLAIM WITHIN THE TWO MONTH PERIOD OF LIMITATION IMPOSED BY R.C. 2117.12.
Appellants argue that the letter to counsel for Doreen Park did not constitute a claim against the estate and, therefore, the rejection letter did not trigger the two-month time limitation imposed by R.C. 2117.12.
Although the letter is rather unartfully drafted, it does present a claim against the estate. The letter states that appellants had exhausted every attempt to negotiate a settlement with Lydia King and Doreen Park. The letter states that appellants wish to assert their rights to occupy the main floor of the building for the purpose of operating a pizza business. The letter further stated that if Parks allowed them to possess the subject premises, they would not pursue a claim for fraud against the estate. However, the letter indicated that in the event they were not permitted to occupy the building and operate their pizza business, they would, in all likelihood, institute litigation against the estate simultaneously with their claims against Lydia King.
Appellants first argue that the letter is insufficient to state a claim against the estate because it is directed to counsel for Doreen Park, and not to Ms. Park. A claim presented to the executor's attorney satisfies the statutory presentment requirements. Caldwell vs. Brown (1996), 109 Ohio App.3d 609,611; Peoples National Bank vs. Treon (1984), 16 Ohio App.3d 410,411.
Appellants further rely on Lowery vs. Coshocton CountyMemorial Hospital Association, Inc. (July 1, 1994), Coshocton App. No. 93-CA-22, unreported, for the proposition that the letter was not a valid claim because it did not demand a sum certain. However, the claim in Lowery involved a claim on an account. In such a claim, a sum certain is easily ascertainable. However, the instant case involved a claim of tortious conduct. In such a case, the amount sought is not easily reduced to a sum certain.
In addition, appellants' argument that R.C. 2117.12 does not apply to the instant case is without merit. The claims against the estate sounded solely in fraud and unjust enrichment. The complaint does not include a claim of replevin against the estate, nor does it allege that the estate is wrongfully retaining property. The complaint seeks the return of property described in paragraph five of the complaint, which is directed solely at Lydia King.
The Assignment of Error is overruled.
The summary judgment of the Ashland County Common Pleas Court is affirmed.
By: Reader, J. and Farmer, P. J. concur.
Wise, J. dissents.