[Cite as *Fletcher v. Estate of Fletcher*, 2014-Ohio-5377.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| MARION J. FLETCHER, | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2013-L-084** |
| ESTATE OF ALDEN S. FLETCHER, III, et al. | : | |
| Defendants-Appellees. | : | |
| | : | |

Civil Appeal from the Lake County Court of Common Pleas, Domestic Relations Division, Case No. 09 DR 000617.

Judgment: Affirmed.

*Kenneth J. Cahill,* Dworken & Bernstein, 60 South Park Place, Painesville, OH 44077 (For Plaintiff-Appellant).

*James M. Lyons,* 240 East Main Street, Painesville, OH 44077 and *Jonathan W. Winer,* 5276 Rome Rock Creek Road, Rome, OH 44085 (For Defendants-Appellees).

DIANE V. GRENDELL, J.

{¶1} Plaintiff-appellant, Marion J. Fletcher, appeals the August 20, 2013 Judgment Entry of the Lake County Court of Common Pleas, Domestic Relations Division, ordering her to pay to defendant-appellee, Estate of Alden S. Fletcher, III, one-half of the funds received from Alden's 401(k) account, denying her Motion to Show Cause, and awarding the estate attorney fees. The issues before this court are whether it is equitable to impose a constructive trust to require the beneficiary of a 401(k)

account to return funds received when it was intended that the account be subject to a division by QDRO; whether a domestic relations court lacks jurisdiction to entertain claims based on a separation agreement more than six months after the death of one of the parties to the agreement; and whether it is an abuse of discretion to award attorney fees to a party against whom a motion for contempt was unsuccessfully prosecuted. For the following reasons, we affirm the decision of the court below.

{¶2} On December 9, 2010, the marriage of Marion J. and Alden S. Fletcher, III, was terminated by Agreed Judgment Entry. The Entry provided in relevant part:

> **IT IS FURTHER ORDERED** that the Husband's Lincoln Electric 401(k)/Employee Savings account that has an approximate value of $94,650.14 as of December 9, 2009 shall be divided equally between the parties by way of a QDRO as of September 2, 2010 with each party bearing equally any gain or loss in this account after September 2, 2010. Wife shall be responsible for preparation of the QDRO to divide the account.
>
> * * *
>
> **IT IS FURTHER ORDERED** that the marital property located at 209 Riverside Drive, Painesville shall be immediately listed for sale and sold.
>
> * * *
>
> **IT IS FURTHER ORDERED** that beginning September 1, 2010, the Husband and Wife are each equally responsible for the Mortgage payment on the marital home that is payable to National City Bank.
>
> * * *

2

**IT IS FURTHER ORDERED** that beginning September 1, 2010, the Husband and Wife are each equally responsible for the costs of the utilities for the marital home which include electric, gas, water and sewer. * * *

{¶3} On December 30, 2011, Mary Elizabeth Lateulere, as Executrix for the Estate of Alden S. Fletcher, III, filed a Motion to Show Cause/Motion to Enforce Agreed Judgment Entry. According to an affidavit attached to the Motion, Alden died on June 12, 2011, and Marion had not prepared the QDRO to divide the 401(k) savings account. Lateulere sought an order requiring Marion to pay to the estate one-half of the funds received from Lincoln Electric following Alden's death.

{¶4} On April 10, 2012, the Estate of Alden S. Fletcher, III was substituted as the defendant in this action.

{¶5} On April 27, 2012, Marion filed a Motion to Show Cause, Motion to Enforce, Motion for Reimbursement Schedule, and Motion for Attorney Fees and Costs. Marion sought an order requiring the estate to pay one-half of the mortgage payment and utility costs for the marital residence.

{¶6} On August 31, 2012, Lateulere filed a Motion for Attorney Fees and Costs.

{¶7} On September 10, 2012, the matter was heard by a magistrate of the domestic relations court.

{¶8} On March 22, 2013, the Magistrate's Decision was issued.

{¶9} On April 2, 2013, Marion filed Objections to the Magistrate's Decision.

{¶10} On April 8, 2013, Lateulere filed Objections to the Magistrate's Decision.

{¶11} On August 20, 2013, the domestic relations court issued a Judgment Entry, ruling on the parties' objections and entering final judgment. The court denied

3

Lateulere's Motion to Show Cause, but granted the Motion to Enforce Agreed Judgment Entry and ordered Marion to return one-half of the funds received from the Lincoln Electric 401(k) account to the Estate of Alden S. Fletcher, III. The court denied Marion's Motion to Show Cause and Motion for Reimbursement. The court denied in part and ruled as moot in part Marion's Motion to Enforce. The court denied Marion's Motion for Attorney Fees, and granted Lateulere's Motion for Attorney Fees in the amount of $3,400, representing attorney fees incurred in opposing Marion's Motion to Show Cause.

{¶12} On September 4, 2013, Marion filed a Notice of Appeal. On appeal, she raises the following assignments of error:

{¶13} "[1.] Whether the trial court committed prejudicial error ordering appellant to pay appellee estate one-half (1/2) the death benefit appellant received."

{¶14} "[2.] Whether the trial court committed prejudicial error by not enforcing those terms of the Agreed Judgment Entry against the estate to pay one-half (1/2) the mortgage of the marital residence and one-half (1/2) the utilities after the decedent's date of death (June 12, 2011) claiming it lacked subject matter jurisdiction."

{¶15} "[3.] Whether the trial court committed prejudicial error by failing to award appellant attorney fees for defending against appellee's Motion to Show Cause and for appellant's prosecution of a Motion to Show Cause against the estate for not paying one-half (1/2) the mortgage for the marital residence and not paying one-half (1/2) the utilities for the marital residence."

{¶16} "[4.] Whether the trial court committed prejudicial error ordering appellant to pay appellee $3,400.00 for attorney fees even though appellee failed to abide by the Judgment Entry of Divorce and the trial court contradicted itself by earlier stating that

4

attorney fees on both sides were quite high and neither party demonstrated an inability to pay for their own attorney fees."

{¶17}  In the first assignment of error, Marion argues that the domestic relations court erred by ordering her to return one-half of the funds received from the Lincoln Electric 401(k) account to Alden's estate.  Marion claims that she received those funds in accordance with the plan documents, which designated her as the sole beneficiary of the 401(k) account.  According to Marion, the failure to prepare a QDRO had no effect on the ultimate distribution of the funds, as she would have received the balance of the account (that portion not covered by the QDRO) by virtue of being the designated beneficiary.

{¶18}  In a domestic relations case, "it is axiomatic that a trial court must have discretion to do what is equitable upon the facts and circumstances of each case," and "that a trial court's decision in domestic relations matters should not be disturbed on appeal unless the decision involves more than an error of judgment."  *Booth v. Booth*, 44 Ohio St.3d 142, 144, 541 N.E.2d 1028 (1989).

{¶19}  The domestic relations court and magistrate relied on the case of *Drummond v. Drummond*, 5th Dist. Fairfield No. 10-CA-20, 2010-Ohio-6139, which held that a constructive trust was an appropriate remedy where the proceeds of an STRS pension were not distributed in accordance with the terms of a separation agreement. *Id.* at ¶ 31-32.

{¶20}  The Ohio Supreme Court has recognized that a constructive trust may be imposed as an equitable remedy "against unjust enrichment * * * where it is against the principles of equity that the property be retained by a certain person even though the property was acquired without fraud."  (Citation omitted.)  *Estate of Cowling v. Estate of*

5

*Cowling*, 109 Ohio St.3d 276, 2006-Ohio-2418, ¶ 19. The remedy may be appropriately applied to anyone "who in any way against equity and good conscience, either has obtained or holds the legal right to property which he ought not, in equity and good conscience, hold and enjoy." *Id.* at ¶ 18.

**{¶21}** For example, in *Fischbach v. Mercuri*, 184 Ohio App.3d 105, 2009-Ohio-4790, 919 N.E.2d 804 (2nd Dist.), the current spouse (Mercuri) of an STRS plan participant received retirement benefits owed, according to the terms of the divorce decree, to the former spouse (Fischbach). The court of appeals held that Fischbach was entitled to "the funds received by Mercuri on the basis of unjust enrichment, as a result of a wrongful act by her late husband, the plan participant," i.e., failing to designate Fischbach as a beneficiary on the fund. *Id.* at ¶ 3, 24.

**{¶22}** We find no abuse of discretion in the domestic relations court's decision to order Marion to pay the estate one-half of the funds received. The order effects the clear intent of the Agreed Judgment entry that the Lincoln Electric 401(k) "be divided equally between the parties." Alden's failure to change the beneficiary prior to his death should not frustrate that intent any more than Marion's failure to file a QDRO.[1]

**{¶23}** Following oral argument in the present case, the parties submitted supplemental briefs on the issue of the applicability of R.C. 5815.33(B)(1) (former R.C. 1339.63(B)(1)), which provides in relevant part:

> Unless the designation of beneficiary or the judgment or decree granting the divorce, dissolution of marriage, or annulment specifically provides otherwise * * *, if a spouse designates the

---

1. We note the finding of the magistrate that, "although wife was responsible to complete the QDRO to divide the Lincoln account, she made all good faith efforts to do so through her then attorney, Linda D. Cooper's efforts." Of course, this finding does not justify Marion's retention of the funds.

other spouse as a beneficiary or if another person having the right to designate a beneficiary on behalf of the spouse designates the other spouse as a beneficiary, and if, after either type of designation, the spouse who made the designation or on whose behalf the designation was made, is divorced from the other spouse, obtains a dissolution of marriage, or has the marriage to the other spouse annulled, then the other spouse shall be deemed to have predeceased the spouse who made the designation or on whose behalf the designation was made, and the designation of the other spouse as a beneficiary is revoked as a result of the divorce, dissolution of marriage, or annulment.

{¶24} There is no dispute that Alden's Lincoln Electric 401(k) account is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). 29 U.S.C. 1002(1). Under ERISA, employee welfare benefit plans must be administered "in accordance with the documents and instruments governing the plan," and payments thereunder must be made to the "beneficiary" who is "designated by a participant, or by the terms of [the] plan." 29 U.S.C. 1104(a)(1)(D) and 1002(8). It is further provided that ERISA's provisions "shall supersede any and all State laws insofar as they may now or hereafter relate to any [subject] employee benefit plan." 29 U.S.C. 1144(a).

{¶25} In *Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141, 121 S.Ct. 1322, 149 L.E.2d 264 (2001), the United States Supreme Court ruled that a Washington statute, providing that "that the designation of a spouse as the beneficiary of a nonprobate asset is revoked automatically upon divorce," was pre-empted under ERISA. *Id.* at 143 and 150. As the practical effect of the Washington statute and R.C. 5815.33(B)(1) are

7

substantially similar, ERISA pre-empts the application of the Ohio statute in the present action.

**{¶26}** We note that federal pre-emption under ERISA does not prohibit the imposition of a constructive trust on the proceeds of a benefit plan once paid to the designated beneficiary. "The law recognizes a distinction between a plan administrator's obligation to pay over benefits to a named plan beneficiary and that beneficiary's entitlement to keep those funds thereafter." *Partlow v. Person*, 798 F.Supp.2d 878, 885 (E.D.Mich.2011). "Consequently, trial courts are empowered to impose constructive trusts on proceeds received from [plans] governed by ERISA after the designated beneficiary receives the proceeds." *Crites v. Anthem Life Ins. Co.*, 3rd Dist. Defiance No. 4-13-13, 2014-Ohio-1682, ¶ 22 (cases cited); *Central States, Southeast & Southwest Areas Pension Fund v. Howell*, 227 F.3d 672, 678 (6th Cir.2000) ("the anti-alienation provision of ERISA precluded the imposition of a constructive trust **before** distribution of benefits to the beneficiary, but it held that nothing in the legislative scheme prevented the imposition of a constructive trust **after** the benefits were paid to the beneficiary of the pension benefits") (emphasis sic).

**{¶27}** The first assignment of error is without merit.

**{¶28}** Under the second assignment of error, Marion argues the domestic relations court erred in its determination that it lacked jurisdiction to adjudicate her claims that Alden's estate was in contempt for failing to reimburse her for mortgage and utility expenses for the marital home.

**{¶29}** We review a trial court's determination as to its ability to exercise jurisdiction over a matter de novo. *Burns v. Daily*, 114 Ohio App.3d 693, 701, 683 N.E.2d 1164 (11th Dist.1996).

8

{¶30} The domestic relations court ruled that it lacked jurisdiction over these claims. The court noted that on the date of Alden's death (June 12, 2011), there were no outstanding obligations owed to Marion. Stated otherwise, the court ruled that Marion's claims did not arise until after his death. Accordingly, any real estate expenses arising after June 12, 2011 were "within the subject matter of the Probate Court."

{¶31} In support of its position, the domestic relations court cited to *Diemer v. Diemer*, 99 Ohio App.3d 54, 649 N.E.2d 1285 (8th Dist.1994). *Diemer* stands for the proposition that, although "an action for divorce abates and cannot be revived when one of the parties thereto dies, * * * an *action which seeks to enforce fixed rights and liabilities*, such as an action to enforce alimony already awarded, survives the death of that party." (Emphasis sic.) *Id.* at 59-60.

{¶32} *Diemer* was inapposite inasmuch as the abatement of Marion's claims was not an issue in the present case. As noted by the domestic relations court, at the time of Alden's death, there was nothing pending to abate or revive. The issue was whether the domestic relations court could exercise jurisdiction over her claims. On that issue, *Diemer* contributes nothing.

{¶33} "All creditors having claims against an estate, including claims arising out of contract, out of tort, on cognovit notes, or on judgments, whether due or not due, secured or unsecured, liquidated or unliquidated, shall present their claims" to the executor of the estate. R.C. 2117.06(A). "[A]ll claims shall be presented within six months after the death of the decedent." R.C. 2117.06(B). "When a claim against an estate has been rejected in whole or in part * * *, the claimant must commence an action on the claim, or that part of the claim that was rejected, within two months after

9

the rejection if the debt or that part of the debt that was rejected is then due, or within two months after that debt or part of the debt that was rejected becomes due, or be forever barred from maintaining an action on the claim or part of the claim that was rejected." R.C. 2117.12.

{¶34} In the present case, Marion presented her claim to the executor of Alden Fletcher's estate on November 3, 2011. On November 7, 2011, Lateulere notified Marion by certified mail that the claim was "rejected in whole." On April 27, 2012, Marion filed her Motion to Show Cause, seeking to assert her claim based on the Decree of Divorce. Since she asserted her claim in domestic relations court more than two months after its rejection by the executor, it is forever barred. *Vitantonio, Inc. v. Baxter*, 116 Ohio St.3d 195, 2007-Ohio-6052, 877 N.E.2d 663, ¶ 3 ("R.C. 2117.12 requires that an action for a rejected claim such as appellees' be filed within two months after the executor's rejection or be forever barred").

{¶35} The procedure set forth in R.C. 2117.12 has been regularly applied in situations where a claim is asserted against a decedent's estate based on a final decree of divorce. *See, e.g., Caldwell v. Brown*, 109 Ohio App.3d 609, 610, 672 N.E.2d 1037 (2nd Dist.1996) ("[t]he claim was expressly predicated upon provisions in a divorce decree"); *Harmer v. Smith*, 2nd Dist. Clark No. 3101, 1994 Ohio App. LEXIS 3200, 2 (July 20, 1994) (claim based on "the decedent's failure to have maintained certain policies of life insurance that * * * he was required to maintain under the terms of the divorce decree"); *Lindsay v. Royse*, 12th Dist. Butler No. CA92-06-111, 1993 Ohio App. LEXIS 1221, 3 (Mar. 1, 1993) (claim "represent[ed] an arrearage of sustenance alimony payments accumulated prior to and after the [obligor's] death").

{¶36} The second assignment of error is without merit.

{¶37} In the third and fourth assignments of error, Marion asserts that the domestic relations court erred by denying her Motion for Attorney Fees, while awarding the estate fees in the amount of $3,400.

{¶38} "In any post-decree motion or proceeding that arises out of an action for divorce, dissolution, legal separation, or annulment of marriage or an appeal of that motion or proceeding, the court may award all or part of reasonable attorney's fees and litigation expenses to either party if the court finds the award equitable." R.C. 3105.73(B).

{¶39} "It is well-established that an award of attorney fees is within the sound discretion of the trial court." *Rand v. Rand*, 18 Ohio St.3d 356, 359, 481 N.E.2d 609 (1985).

{¶40} The denial of Marion's request for attorney fees for the prosecution of her Motion to Show Cause was appropriate inasmuch as that Motion was denied.

{¶41} With respect to the award of attorney fees to the estate, we find no abuse of discretion. It was neither unreasonable nor inappropriate to award attorney fees in light of the fact that Marion attempted to litigate her untimely claims for reimbursement in two courts simultaneously.

{¶42} The third and fourth assignments of error are without merit.

{¶43} For the forgoing reasons, the judgment of the Lake County Court of Common Pleas, Domestic Relations Division, ordering Marion to return to the estate one-half of the funds received from Alden's 401(k) account, denying her Motion to Show Cause, and awarding the estate attorney fees is affirmed. Costs to be taxed against appellant.

TIMOTHY P. CANNON, P.J., concurs,

COLLEEN MARY O'TOOLE, J., concurs in part and dissents in part, with a Concurring/Dissenting Opinion.

_____

COLLEEN MARY O'TOOLE, J., concurs in part and dissents in part, with a Concurring/Dissenting Opinion.

{¶44} I concur with the majority's disposition of the first and third assignments of error. However, I respectfully dissent regarding the second and fourth assignments of error, and would reverse the trial court on them.

{¶45} On the second assignment of error, the majority agrees with the trial court's conclusion the probate court had sole jurisdiction of the issue whether the estate could be held in contempt for failing to reimburse Marion for mortgage and utility expenses for the marital home. I find the magistrate's conclusion the trial court retained jurisdiction to decide the issue persuasive. The magistrate had substituted the estate as party defendant in the divorce. I agree with the magistrate the trial court retained jurisdiction to enforce its own prior order that the parties each pay one-half of the mortgage and utility expenses for the marital home.

{¶46} On the fourth assignment of error, Marion argues the trial court erred in awarding the estate attorney fees for defending her motions to show cause and for reimbursement regarding the mortgage payments and utilities. She buttresses her argument by citing to the trial court's finding in its judgment entry that each party appeared able to pay its attorney fees.

12

{¶47} It is evident from a reading of the trial court's judgment entry on this issue, that it found it unreasonable for Marion to pursue the matter in both the domestic relations division, and the probate division. Given my conclusion the trial court erred in not exercising jurisdiction over the mortgage and utility payments, I cannot find it unreasonable or inequitable for Marion to have pursued the issue in both courts. Thus, any award to the estate of attorney fees for defending the issue in both forums should be reversed.

{¶48} I respectfully concur and dissent.