[Cite as *Hatfield v. Heggie*, 2020-Ohio-1156.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

Irvin Hatfield                                    Court of Appeals No. OT-19-023

    Appellant                              Trial Court No. 18CV356

v.

Cheyenne Marie Heggie                  **DECISION AND JUDGMENT**

    Appellee                                Decided: March 27, 2020

* * * * *

John A. Brikmanis, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} This is an appeal from the judgment of the Ottawa County Court of Common Pleas, following a bench trial, which dismissed appellant's, Irvin Hatfield, complaint for reimbursement of funeral expenses. For the reasons that follow, we reverse.

## I. Facts and Procedural Background

{¶ 2} Appellant had a longtime romantic relationship with the decedent, Amy L. Heggie. On March 3, 2018, Heggie passed away. That same day, appellant paid the funeral expenses, totaling $6,846.

{¶ 3} On May 15, 2018, appellant executed a letter "To whom it may concern: In regards to the estate of Amy Lynn Heggie." In the unaddressed letter, appellant stated that he was filing a claim against the estate for the funeral expenses. On September 10, 2018, appellee, Cheyenne Marie Heggie, the daughter of the decedent and the executrix of her estate, rejected appellant's claim for reimbursement. In the September 10, 2018 letter, appellee stated that the claim was being rejected because (1) it was not properly presented as required under R.C. 2117.06, (2) appellant had already received $5,000 in cash from monies belonging to the estate, and (3) appellant was in possession of the decedent's tangible personal property and has refused to cooperate in transferring the property to the heirs of the estate.

{¶ 4} Upon receiving the rejection of his claim, appellant initiated the present action by filing a complaint in the Ottawa County Court of Common Pleas. Attached to his complaint was a copy of the funeral bill and the May 15, 2018 letter.

{¶ 5} In her answer, appellee agreed that appellant paid the funeral expenses. She also attached a copy of the funeral bill to her answer. However, appellee denied that appellant submitted proof of the claim to the estate for reimbursement. Appellee alleged that she was not identified by name as an executor of the estate, and that appellant did not

2.

hand deliver, mail, or send certified or registered mail any correspondence to her regarding his claim. Appellee further alleged in her answer that the claim was rejected because appellant had already procured $1,200 in cash from the decedent's purse, had taken $5,000 from $10,000 worth of proceeds from a benefit held before the decedent's death, and had failed to return $28,000 in cash kept by the decedent in appellant's safe.

{¶ 6} The matter was called for a bench trial on March 18, 2019. At the trial, appellant testified that he paid nearly $7,000 for the funeral. He then asked for reimbursement from the estate, which was rejected. Appellant testified that he asked for reimbursement from appellee by sending her a text message. On redirect, appellant testified that he also submitted a written claim for reimbursement to the estate.

{¶ 7} Appellant then testified that the $5,000 that he was accused of keeping was given to him on the day that the decedent died, and was for a trailer that was next to his property.

{¶ 8} Appellee then testified on her own behalf. Appellee testified that on the day her mother died, appellant had possession of the entire $10,000 cash from the benefit, and would not give her the money until he got his $5,000. Appellee also testified that the decedent's personal property is still at appellant's house. On cross-examination, appellee did not dispute the funeral bill. Further, appellee acknowledged that a written claim asking for reimbursement from the estate was given to the attorney for the estate, that she has seen it, and that she rejected the claim. Finally, appellee testified that the estate currently had approximately $14,000 in cash, which was comprised of the remaining

3.

$5,000 in benefit money and $9,000 that appellant had given to her on an occasion when she went to retrieve the decedent's property.

{¶ 9} Appellee then called her aunt, Sue Ann Kincaid, as her final witness. Kincaid testified that she organized the benefit, and that it raised almost $11,000 for the decedent. Kincaid testified that on the day the decedent died, it was agreed that if appellant was given $5,000 for the lot next door, then appellant would pay for the funeral. Kincaid also testified, on cross-examination, that her daughter had the decedent's purse, which contained approximately $1,200, and that her daughter gave the purse to appellant because she did not know what to do with it.

{¶ 10} Following the testimony, appellant asked the trial court to take notice of the funeral bill that was attached to the complaint. However, no separate exhibits were presented or entered into evidence. The trial court then took the matter under advisement.

{¶ 11} On June 6, 2019, the trial court entered its judgment denying appellant's claim. The trial court reasoned that appellant "presented no documentary evidence to support his claim. Even considering the documents attached to [appellant's] Complaint, the Court finds that [appellant] has presented insufficient evidence to support his claim."

## II. Assignment of Error

{¶ 12} Appellant has timely appealed the trial court's June 6, 2019 judgment, and now asserts two assignments of error for our review:

4.

1.  The Court erred as a matter of law when it considered matters that should have been brought in as a counterclaim but no counterclaim was ever filed.

2.  The Court's decision was against the manifest weight of the evidence when the Court required further foundation to support admissions by the defendant.

### III. Analysis

{¶ 13} An appellate court reviews judgments from the trial court following a bench trial under the manifest weight of the evidence standard. *Terry v. Kellstone, Inc.*, 6th Dist. Erie No. E-12-061, 2013-Ohio-4419, ¶ 12. The manifest weight standard is the same in a civil case as in a criminal case. *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517, ¶ 17. Thus, "[t]he [reviewing] court weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [finder of fact] clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed and a new trial ordered." *Id.* at ¶ 20. "In weighing the evidence, the court of appeals must always be mindful of the presumption in favor of the finder of fact." *Id.* at ¶ 21, citing *Seasons Coal Co., Inc. v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984), fn. 3.

{¶ 14} Appellant's assignments of error are interrelated, thus we will address them together. In his first assignment of error, appellant argues that the trial court erred by

5.

considering appellee's claims that appellant had already received $5,000 from the benefit, and that he took $1,200 from the decedent's purse. At the beginning of the trial, the court recognized that the issue of a rejected claim pursuant to R.C. 2117.06 was properly before the court, but the issues raised in appellee's answer—and which were not counterclaims—were properly addressed in probate court.

{¶ 15} On appeal, appellant argues that the trial court disregarded its original statement of law, and took into account the disputed issues surrounding the $5,000 and $1,200. It is on this issue, however, that we have difficulty engaging in a meaningful review. Appellant assumes that the trial court took into account the testimony surrounding the $5,000 and $1,200, but the judgment entry is not so clear. In fact, the entire judgment entry states,

> This cause comes before this Court for hearing on a Complaint filed September 21, 2018.
>
> Amy L. Heggie passed away on March 3, 2018. Prior to her death, she lived with Plaintiff Irvin E. Hatfield for 9 years. Defendant Cheyenne Marie Heggie is the daughter of Amy Heggie and was appointed Executor of her estate.
>
> Plaintiff paid the funeral bill for Amy Heggie in the amount of $6,846.00 and submitted a claim to the Estate. Defendant, as Executor, rejected the claim. Plaintiff filed the instant Complaint against Cheyenne Marie Heggie, individually.

6.

Plaintiff presented the testimony of one witness, to wit: the Plaintiff. Plaintiff testified about a funeral bill that Plaintiff paid without being asked by Defendant. He also testified about the Will of the decedent, which purportedly required the funeral bill be paid by the Estate. Finally, he testified that he presented a claim to the Estate for reimbursement of the funeral bill. Plaintiff presented no documentary evidence to support his claim.

Defendant testified that Plaintiff was paid for the funeral bill as a result of Plaintiff taking $1,200 from the decedent's purse as well as keeping personal property of decedent and keeping $5,000 of funds raised at a benefit arranged for decedent. Defendant's aunt also testified regarding the benefit monies that were withheld from the Estate.

R.C. 2117.06 provides the process for creditors to submit claims against an estate. R.C. 2117.12 provides that the claimant must commence an action of (sic) the claim within two months after the claim is rejected. In civil cases, the burden of proof is generally carried by a "preponderance of the evidence," which is defined as the greater weight of the evidence. Central Motors Corp. v. City of Pepper Pike (1979), 63 Ohio App. 2d 34.

In the present case, Plaintiff presented no documentary evidence to support his claim. Even considering the documents attached to the Plaintiff's Complaint, the Court finds that Plaintiff has presented

insufficient evidence to support his claim. Judgment is granted in favor of Defendant and Plaintiff's Complaint is dismissed.

{¶ 16} Through the pleadings, it is clear that there were two issues to be resolved at trial: (1) whether appellant presented his claim in accordance with R.C. 2117.06, and (2) whether appellant had already received compensation and thus was not entitled to reimbursement. Our reading of the trial court's judgment is that the court ruled in favor of appellee because appellant did not demonstrate that he presented his claim to the estate in accordance with R.C. 2117.06. We reach this conclusion based on the court's reliance on the lack of documentary evidence to support appellant's claim, and the fact that even when considering the documents attached to the complaint the court found appellant's evidence "insufficient." While there may be other reasons that support the denial of appellant's claim, it would make no sense for the court to determine that the evidence was "insufficient" to demonstrate that appellant was entitled to reimbursement as it is undisputed that appellant paid the funeral bill.

{¶ 17} On the issue of whether appellant presented his claim in accordance with R.C. 2117.06, we hold that the trial court's judgment is against the manifest weight of the evidence. R.C. 2117.06(A)(1)(a) provides,

> All creditors having claims against an estate, including claims arising out of contract, out of tort, on cognovit notes, or on judgments, whether due or not due, secured or unsecured, liquidated or unliquidated, shall present their claims in one of the following manners:

8.

(1) After the appointment of an executor or administrator and prior to the filing of a final account or a certificate of termination, in one of the following manners:

(a) To the executor or administrator in a writing.

"A claim against a decedent's estate need not be in any particular form; it is sufficient if it states the character and amount of the claim, enables the representatives to provide for its payment, and serves to bar all other claims by reason of its particularity of designation." *Gladman v. Carns*, 9 Ohio App.2d 135, 138, 223 N.E.2d 378 (2d Dist.1964), quoting Annotation, *Sufficiency of notice of claim against decedent's estate*, 74 A.L.R. 368 (Originally published in 1931). Furthermore, a claim satisfies the presentment requirements of R.C. 2117.06 when it is presented to the executor's attorney. *Caldwell v. Brown*, 109 Ohio App.3d 609, 611, 672 N.E.2d 1037 (2d Dist.1996); *Peoples Natl. Bank v. Treon*, 16 Ohio App.3d 410, 411, 476 N.E.2d 372 (2d Dist.1984).

{¶ 18} Here, although the unaddressed May 15, 2018 letter was not entered into evidence, appellant testified that he submitted to the estate a written claim for reimbursement of the funeral expenses. Indeed, appellee acknowledged that the funeral expenses of $6,846 were paid by appellant, that a written claim was submitted to the attorney for the estate, that appellee reviewed the claim, and that appellee rejected the claim, in part because appellant already had money that belonged to the estate. Therefore, we hold that the trial court clearly lost its way to the extent that it determined that appellant had not satisfied the presentment requirement under R.C. 2117.06.

9.

{¶ 19} As to the issue of whether appellant had already received compensation and thus was not entitled to reimbursement, appellant argues—without citation to any legal authority—that consideration of the $5,000 and $1,200 is outside the scope of the claim. We disagree. Appellee's allegations relative to the $5,000 and $1,200 are in effect claims for the right to an equitable setoff. The right to a setoff is an affirmative defense. *Beck v. Mar Distribs. of Toledo, Inc.*, 6th Dist. Lucas No. L-11-1219, 2012-Ohio-5321, ¶ 14. While appellee may not be entitled to recoup for the estate any monies wrongfully possessed or withheld by appellant in the absence of a counterclaim, we find that appellee must be able to defend against appellant's claim by showing the amount sought as reimbursement has already been received.

{¶ 20} In this case, however, the trial court did not make any findings regarding the impact of appellee's allegations relative to the $5,000 and $1,200 on appellant's claim, and thus we have nothing to review. Being an appellate court, we decline to usurp the trial court's role by considering these issues for the first time on appeal. *See, e.g., Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 360, 604 N.E.2d 138 (1992) ("If the trial court does not consider all the evidence before it, an appellate court does not sit as a reviewing court, but, in effect, becomes a trial court."). Notably, our decision not to consider these issues is not to be construed as any indication of our opinion regarding their merits.

{¶ 21} Accordingly, we find appellant's first and second assignments of error well-taken.

10.

## IV.  Conclusion

{¶ 22} For the foregoing reasons, we find that substantial justice has not been done the party complaining, and the judgment of the Ottawa County Court of Common Pleas is reversed.  This matter is remanded to the trial court for consideration of the impact of appellee's allegations relative to the $5,000 and $1,200—or other similar allegations raised in the pleadings and testified to at trial—on appellant's claim for reimbursement, if any.  Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed<br>and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

Thomas J. Osowik, J.

Christine E. Mayle, J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.